**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-01962-KMT

JOHN DOE,

    Plaintiff,

v.

UNIVERSITY OF DENVER;
UNIVERSITY OF DENVER BOARD OF TRUSTEES;
REBECCA CHOPP, individually and as agent for UNIVERSITY OF DENVER;
KRISTIN OLSON, individually and as agent for UNIVERSITY OF DENVER;
JEAN MCALLISTER, individually and as agent for UNIVERSITY OF DENVER;
SIRI SLATER, individually and as agent for UNIVERSITY OF DENVER; and
ERIC BUTLER, individually and as agent for UNIVERSITY OF DENVER,

    Defendants.

---

**PROPOSED SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference occurred on October 23, 2017, at 9:45 a.m., in Courtroom C201 before the Honorable Magistrate Kathleen Tafoya, at the Byron Rodgers U.S. Courthouse, 1929 Stout Street, Denver, CO. Counsel present included the following:

| **Attorneys for Plaintiff:** | **Attorneys for Defendants:** |
|---|---|
| Michael J. Mirabella | Jim Goh |
| Michael Mirabella, P.C. | LaLonnie Gray |
| 450 E. 17th Ave, Suite 400 | Constangy, Brooks, Smith & Prophete, LLP |
| Denver, CO  80203 | 600 17th Street, Suite 2700S |
| 720-931-2094 (ph) | Denver, CO  80202 |
| mmirabella@mbellalaw.com | 720-343-7533 (ph) |
| | jgoh@constangy.com |
| | lgray@constangy.com |

| |  |
|---|---|
| <u>Appearing by Phone:</u><br>Andrew T. Miltenberg<br>Stuart Bernstein<br>Nesenoff & Miltenberg, LLP<br>363 7th Ave., Fifth Floor<br>New York, NY  10001<br>212-736-4500 (ph)<br>amiltenberg@nmllplaw.com<br>sbernstein@nmllplaw.com | |

## 2. STATEMENT OF JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**a.     Plaintiff:**

1.         Plaintiff asserts that Defendants violated their own policies and procedures during the course of the investigation and adjudication process arising from a false allegation of sexual misconduct. Defendants acted arbitrarily and capriciously when they found John Doe "responsible" for sexual misconduct and assessed a disproportionate sanction of permanent expulsion. In reaching their erroneous decision, Defendants demonstrated significant procedural flaws and exhibited a discriminatory gender bias against John Doe as the male accused. For instance, (i) Defendants failed to provide John Doe proper notice of the charges; (ii) Defendants evidenced a gender bias against John Doe as the male accused of sexual misconduct throughout the investigative process; (iii) Defendants made assessments of credibility and evidentiary weight with respect to each party and witness without any ascertainable rationale or logic; (iv) Defendants failed to afford John Doe the requisite presumption of innocence required by a preponderance of the evidence standard; (v) Defendants failed to afford John Doe a hearing

before an impartial decision maker; (vi) Defendants deprived John Doe of the opportunity to confront and question his accuser; (vii) Defendants failed to afford John Doe the opportunity to question any witnesses against him; and (viii) Defendants failed to protect him from a threat of violence and retaliation, all of which demonstrated substantial procedural errors in violation of Title IX, the Fourteenth Amendment and other federal and/or state laws.

**b.     Defendant(s):**

This case arises out of a report of sexual misconduct filed against Plaintiff, a former DU undergraduate student. Defendants conducted a prompt, thorough, and fair investigation into the allegations, which ultimately resulted in a finding that Plaintiff had violated DU's sexual misconduct policy and the eventual decision to expel Plaintiff as a student. At all times relevant to this action, Defendants acted in accordance with its policies, procedures, and applicable laws, based on their good faith, reasonable belief. Defendants deny that any of them acted in a manner that was arbitrary and capricious, discriminatory, or deliberately indifferent to plaintiff's rights. To the contrary, Plaintiff was accorded all rights and process that were due to him under DU's policies and procedures and applicable laws.

Defendants further assert the following defenses: Plaintiff has failed to state any claim for which relief can be granted; Plaintiff has failed to mitigate his damages, if any; any alleged injury or damages are the result of Plaintiff's own conduct or omissions; Defendants actions were not motivated by gender bias; Defendants did not owe Plaintiff a duty of care; Defendants did not breach a duty of care owed to Plaintiff; Defendants are not state actors; Plaintiff's claims against Defendants in their individual capacity are barred; no contract exists between the parties; any alleged contract lacks consideration; Defendants did not breach any alleged

contract; and unclean hands.

Defendants reserve the right to add or modify their defenses as discovery progresses.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff is a former undergraduate student at the University of Denver.
2. DU received a report of sexual misconduct filed by Jane Roe against Plaintiff.
3. DU's Office of Title IX commenced an investigation into the alleged sexual misconduct.
4. DU subsequently issued a final investigative report, finding it more likely than not that Plaintiff had violated DU's Title IX policy of Non-Consensual Sexual Contact.
5. DU's Outcome Council assessed a sanction of dismissal against Plaintiff.
6. Plaintiff filed an internal appeal of the dismissal sanction.
7. Plaintiff's appeal was ultimately denied.

## 5. COMPUTATION OF DAMAGES

Plaintiff has sustained damages in an amount to be determined at trial, but in no event less than $300,000.00, which include the loss of tuition and related costs, litigation and attorneys' fees, damages for emotional distress, loss of educational and career opportunities, economic injuries, and general damages in the form of pain and suffering and other non-economic damages.

Plaintiff intends to retain the services of an expert who will calculate the damages to John Doe's future earning capacity as a result of the disciplinary decision and sanction. Thus, Plaintiff reserves the right to modify this calculation of damages accordingly.

Defendants do not presently seek any damages against Plaintiff, but seeks the recovery of its reasonable fees and costs incurred in the defense of this action.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.     Date of Rule 26 (f) Meeting:** October 10, 2017

**b.     Names of participants and each party he/she represented:** Michael Mirabella, Michael Mirabella, P.C., and Stuart Bernstein, Nesenoff & Miltenberg, LLP for the Plaintiff; LaLonnie Gray, for the Defendants.

**c.     Statement as to when Rule 26 (a)(1) disclosures were made or will be made:** The Parties have agreed to exchange Rule 26(a)(1) disclosures on October 24, 2017, 14 days after the Rule 26(f) conference pursuant to Rule 26(a)(1)(C).

**d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26 (a)(1):** None.

**e.     Statement concerning any agreements to conduct informal discovery:** The parties have not reached any agreement regarding informal discovery on any particular witness, but may agree to informal discovery in the future.

**f.     Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:** The parties do not presently have any other agreements or procedures to reduce discovery and other litigation costs. The parties agree to use a unified exhibit numbering system. The parties agree to cooperate in seeking to reduce costs.

**g.     Statement as to whether the parties anticipate that their claims or defenses will

**involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:**

The parties do not believe that their claims or defenses will involve extensive discovery of electronically stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. It is anticipated that there will be at least some emails produced. To the extent ESI disclosures are requested, the parties agree to seek a balance in regard to the burden of that disclosure as provided for under the Federal Rules of Civil Procedure. Additionally, given that discovery calls for the production of confidential materials, the parties agree to stipulate to an appropriate protective order.

**h.     Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:** The parties have not had any discussions regarding the possibility for settling or resolving the case. The parties will discuss this possibility as discovery and investigation warrant.

## 7.  CONSENT

Not all parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.     **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:** None at this time, but the parties reserve the right to request additional depositions upon a showing of good cause.

b.     **Limitation which any party proposes on the length of depositions:** None.

c.     **Limitations which any party proposes on the number of requests for production and/or requests for admission:** The Parties agree to a limitation of twenty-five

Requests for Production and twenty-five Requests for Admission per party, subject to enlargement for good cause shown.

**d.** **Other planning or Discovery Orders:** None at this time.

### 9. CASE PLAN AND SCHEDULE

**a.** **Deadline for Joinder of Parties and Amendment of Pleadings:** 60 days after Defendants file their Answer: December 19, 2017.

**b.** **Discovery Cut-off:** May 30, 2018.

**c.** **Dispositive Motion Deadline:** June 30, 2018.

**d.** **Expert Witness Disclosure:**

    **1.** **The parties shall identify anticipated fields of expert testimony, if any.**

    Plaintiff anticipates calling a damages expert, a college consultant and admissions expert, and a Title IX expert.

    **2.** **Limitations which the parties propose on the use or number of expert witnesses.**

    Defendants propose that each side is limited to a maximum of 3 experts.

    **3.** **The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:**

    January 23, 2018.

    **4.** **The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in**

    **Fed. R. Civ. P. 26(a)(2) on or before:**

  March 9, 2018.

e.  **Identification of Persons to be Deposed:**

The parties anticipate that the following individuals may be deposed, subject to paragraph 8(a) above:

1. Plaintiff John Doe
2. Jane Roe- Student Complaint
3. Jane Roe's Mother
4. Defendant Rebecca Chopp
5. Defendant Kristin Olson
6. Defendant Jean McAllister
7. Defendant Siri Slater
8. Defendant Eric Butler
9. Molly Hooker- Member Outcome Council
10. Matthew Rutherford- Member Outcome Council
11. Ryan Butler- Member Outcome Council
12. Barbara Wilcox-Appellate Officer
13. Matthew Holt Campus Security
14. Witness SR describe in Section C of the August 5, 2016 Investigative Report
15. Witness BZ describe in Section D of the August 5, 2016 Investigative Report
16. Witness AC describe in Section E of the August 5, 2016 Investigative Report
17. Witness JR describe in Section F of the August 5, 2016 Investigative Report
18. Witness GH describe in Section G of the August 5, 2016 Investigative Report
19. Witness IU describe in Section H of the August 5, 2016 Investigative Report
20. Witness QW describe in Section I of the August 5, 2016 Investigative Report
21. Witness SP describe in Section J of the August 5, 2016 Investigative Report
22. Witness AN describe in Section K of the August 5, 2016 Investigative Report
23. Witness AM describe in Section L+ of the August 5, 2016 Investigative Report
24. Four Witnesses identified by Plaintiff to Defendants and not interview by Defendants as noted in Defendant Slater's June 22, 2016 e-mail to Plaintiff

f.  **Deadline for Interrogatories:** April 15, 2018.

g.  **Deadline for Requests for Production of Documents and/or Admissions:** April 15, 2018.

## 10.  DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. **Status conferences will be held in this case at the following dates and times:**

_____.

b. **A final pretrial conference will be held in this case on _____ at o'clock \_\_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.**

## 11.  OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**   None at this time.

b. **Anticipated length of trial and whether trial is to the court or jury:**

The parties request a jury trial of 7 days.

c. **Identify pretrial proceedings, if any, that the parties believe may be efficiently or economically conduct in the District Court's facilities at 212 N. Whasatch St, Colorado Springs, CO  80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado 81303-3439.**

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 2016.

By the Court:

_____
UNITED STATES MAGISTRATE JUDGE

APPROVED:

*s/Michael Mirabella*  
_____  
Michael J. Mirabella  
Michael Mirabella, P.C.  
450 E. 17th Ave, Suite 400  
Denver, CO  80203  
720-931-2094 (ph)  
mmirabella@mbellalaw.com  

*s/ Stuart Bernstein*  
_____  
Andrew T. Miltenberg  
Stuart Bernstein  
Nesenoff & Miltenberg, LLP  
363 7th Ave., Fifth Floor  
New York, NY  10001  
212-736-4500 (ph)  
amiltenberg@nmllplaw.com  
sbernstein@nmllplaw.com  

*s/ LaLonnie Gray*  
_____  
Jim Goh  
LaLonnie Gray  
Constangy, Brooks, Smith & Prophete, LLP  
600 17th Street, Suite 2700S  
Denver, CO  80202  
720-343-7533 (ph)  
jgoh@constangy.com  
lgray@constangy.com