# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-01962-PAB-KMT

JOHN DOE,

      Plaintiff,

v.

UNIVERSITY OF DENVER;
UNIVERSITY OF DENVER BOARD OF TRUSTEES;
REBECCA CHOPP, individually and as agent for UNIVERSITY OF DENVER;
KRISTIN OLSON, individually and as agent for UNIVERSITY OF DENVER;
JEAN MCALLISTER, individually and as agent for UNIVERSITY OF DENVER;
SIRI SLATER, individually and as agent for UNIVERSITY OF DENVER; and
ERIC BUTLER, individually and as agent for UNIVERSITY OF DENVER,

      Defendants.

---

## ANSWER TO COMPLAINT AND JURY DEMAND

---

Defendants University of Denver ("DU"), University of Denver Board of Trustees, and the individual defendants (collectively, "Defendants"), through their attorneys, Constangy, Brooks, Smith & Prophete, LLP, in answer to Plaintiff's Complaint and Jury Demand (the "Complaint") hereby admit, deny, and state as follows:

## THE NATURE OF THIS ACTION

1.      Defendants admit that this case purports to arise from DU's actions and procedures in connection with a complaint of non-consensual sexual contact brought against plaintiff by a DU student whom plaintiff refers to as Jane Roe; deny that any of the Defendants have engaged in any

wrongdoing either in their official or personal capacity; and except as is expressly admitted herein, each and every allegation in paragraph 1 is denied.

2.      Defendants admit that plaintiff was expelled as a student from DU; and except as is expressly admitted herein, each and every allegation of paragraph 2 is denied.

3.      Denied.

4.      Denied.

5.      Denied.

6.      Defendants admit that plaintiff alleges causes of action identified in the Complaint; denies any wrongdoing or violations; and except as is expressly admitted herein, each and every allegation of paragraph 6 is denied.

## THE PARTIES

7.      Admitted.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Defendants acknowledge that plaintiff refers to himself and the Defendants collectively as the parties.

## JURISDICTION AND VENUE

16.     Defendants admit that plaintiff purports to invoke the jurisdiction of this Court under the cited federal statutes; and except as is expressly admitted herein, each and every allegation of paragraph 16 is denied.

17.     Admitted.

18.     Admitted.

19.     Admitted, except that any act relevant to the Complaint allegedly taken by Defendant Chopp was in her official, not personal, capacity.

20.     Admitted, except that any act relevant to the Complaint allegedly taken by Defendant Olson was in her official, not personal, capacity.

21.     Admitted, except that any act relevant to the Complaint allegedly taken by Defendant McAllister was in her official, not personal, capacity.

22.     Admitted, except that any act relevant to the Complaint allegedly taken by Defendant Slater was in her official, not personal, capacity.

23.     Admitted, except that any act relevant to the Complaint allegedly taken by Defendant Butler was in her official, not personal, capacity.

24.     Defendants admit that venue is proper in this judicial district to the extent that plaintiff alleges events, acts, or omissions that purportedly took place in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

25.     Admitted.

26.     Defendants admit that plaintiff is quoting DU's Office of Equal Opportunity 2015-2016 Procedures; and except as is expressly admitted herein, each and every allegation of paragraph 26 is denied.

27.     Defendants admit that investigations, hearings, and discipline of the referenced alleged student violations are set forth in DU's policies and procedures, including the Office of Equal Opportunity Procedures, the Honor Code, and Student Conduct Policies and Procedures.

28.     Admitted.

29.     Admitted.

30.     Defendants admit that the first two sentences in paragraph 30 describe procedures in effect at the time relevant to the Complaint; and except as is expressly admitted herein, each and every allegation of paragraph 30 is denied.

31.     Denied.

32.     Admitted.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     Admitted.

39.     Defendants admit that the time frame may be extended for good cause with written notice to the parties of the delay and the reason for the delay.  Defendants further admit that the University will seek to conclude the investigation within forty-five (45) days of the complaint's

decision to move forward; except as is expressly admitted herein, each and every allegation of paragraph 39 is denied.

40.     Defendants admit that the investigator will prepare a written report that summarizes the information gathered, utilizing the referenced factors concerning what information to include in the report; and except as is expressly admitted herein, each and every allegation of paragraph 40 is denied.

41.     Admitted.

42.     Defendants admit that DU employed the dual investigator model; and except as is expressly admitted herein, each and every allegation of paragraph 42 is denied.

43.     Defendants admit that, upon completion of the report, the Office of Equal Opportunity will contact the complainant and respondent to communicate the decision, and will issue a letter of determination; and except as is expressly admitted herein, each and every allegation of paragraph 43 is denied.

44.     Admitted.

45.     Admitted.

46.     Defendants admit the first sentence of paragraph 46; and except as is expressly admitted herein, each and every allegation of paragraph 46 is denied.

47.     Admitted.

48.     Defendants admit the first sentence of paragraph 48; and except as is expressly admitted herein, each and every allegation of paragraph 48 is denied.

49.     Admitted.

50.     Defendants admit that the first sentence of paragraph 50 sets forth a partial quote of the referenced procedures; and except as is expressly admitted herein, each and every allegation of paragraph 50 is denied.

51.     Defendants admit that, within 2 business days of the Outcome Council's decision, the parties will be given the opportunity to meet or otherwise discuss the decision with a member of the Council; and except as is expressly admitted herein, each and every allegation of paragraph 51 is denied.

52.     Admitted.

53.     Admitted.

54.     Admitted.

55.     Admitted.

56.     DU admits that if an appeal is filed, the other party will be notified that an appeal has been received; and except as is expressly admitted herein, each and every allegation of paragraph 56 is denied.

57.     Admitted.

58.     Defendants admit the first 2 sentences of paragraph 58; and except as is expressly admitted herein, each and every allegation of paragraph 58 is denied.

59.     Admitted.

60.     Admitted.

61.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 61 and, therefore, deny them.[1]

62.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 62 and, therefore, deny them.

63.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 63 and, therefore, deny them.

64.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 64 and, therefore, deny them.

65.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 65 and, therefore, deny them.

66.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 66 and, therefore, deny them.

67.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 67 and, therefore, deny them.

68.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 68 and, therefore, deny them.

69.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 69 and, therefore, deny them.

70.     Based on DU's investigation, Defendants deny the allegations in paragraph 70.

---

[1] Defendants further deny the allegations in paragraphs 61 through 84 to the extent they are inconsistent with the "preponderance of the evidence" findings of DU's investigation.

71. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 71 and, therefore, deny them.

72. Based on DU's investigation, Defendants deny the allegations in paragraph 72.

73. Defendants admit that Jane and John communicated via text message, state that the text messages speak for themselves, and except as is expressly admitted herein, each and every allegation of paragraph 73 is denied.

74. Defendants admit that Jane and John communicated via text message, state that the text messages speak for themselves, and except as is expressly admitted herein, each and every allegation of paragraph 74 is denied.

75. Defendants admit that Jane and John communicated via text message, state that the text messages speak for themselves, and except as is expressly admitted herein, each and every allegation of paragraph 75 is denied.

76. Defendants admit that Jane and John communicated via text message, state that the text messages speak for themselves, and except as is expressly admitted herein, each and every allegation of paragraph 76 is denied.

77. Defendants admit that Jane and John communicated via text message, state that the text messages speak for themselves, and except as is expressly admitted herein, each and every allegation of paragraph 77 is denied.

78. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 78 and, therefore, deny them.

79. Admitted.

80.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 80 and, therefore, deny them.

81.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 81 and, therefore, deny them.

82.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 82 and, therefore, deny them.

83.     Defendants admit that an Equal Opportunity Intake Form was filled out on March 25, 2016, state that the form speaks for itself, and except as is expressly admitted herein, each and every allegation of paragraph 83 is denied.

84.     Defendants admit that McAllister communicated with Butler and Slater on April 11, 2016, state that the email speaks for itself, and except as is expressly admitted herein, each and every allegation of paragraph 84 is denied.

85.     Defendants admit that on April 22, 2016, Butler and Slater interviewed Jane, state that Jane's summary statement speaks for itself, and except as is expressly admitted herein, each and every allegation of paragraph 85 is denied.

86.     Defendants admit that on April 29, 2016, Butler communicated with Jane, state that the email speaks for itself, and except as is expressly admitted herein, each and every allegation of paragraph 86 is denied.

87.     Defendants admit that on April 29, 2016, McAllister communicated with John, state that the letter speaks for itself, and except as is expressly admitted herein, each and every allegation of paragraph 87 is denied.

88. Defendants admit that paragraph 88 quotes the letter from McAllister to John on April 29, 2016; and except as is expressly admitted herein, each and every allegation of paragraph 88 is denied.

89. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 89 and, therefore, deny them.

90. Defendants admit that the investigators interviewed John on May 11, 2016; and except as is expressly admitted herein, each and every allegation of paragraph 90 is denied.

91. Denied.

92. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 92 and, therefore, deny them.

93. Defendants admit that the investigators interviewed Jane twice; and except as is expressly admitted herein, each and every allegation of paragraph 93 is denied.

94. Denied.

95. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 95 and, therefore, deny them.

96. Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 96 and, therefore, deny them.

97. Defendants admit that the preliminary report is dated June 7, 2016; and except as is expressly admitted herein, each and every allegation of paragraph 97 is denied.

98. Defendants admit that plaintiff and Slater communicated via email on June 10, 2016 and that plaintiff was granted an extension up to and including June 22, 2016 to review the

preliminary report; and except as is expressly admitted herein, each and every allegation of paragraph 98 is denied.

99.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 99 and, therefore, deny them.

100.     Defendants admit that the final investigative report includes portions of the SANE report shared by Jane; and except as is expressly admitted herein, each and every allegation of paragraph 100 is denied.

101.     Defendants admit that in the final investigative report, the investigators acknowledged that portions of the SANE report shared by Jane included only the body map, genital map, and the written descriptions of each noted injury; and except as is expressly admitted herein, each and every allegation of paragraph 101 is denied.

102.     Defendants admit that paragraph 102 sets forth a partial quote of the final investigative report; and except as is expressly admitted herein, each and every allegation of paragraph 102 is denied.

103.     Defendants admit that plaintiff communicated with the investigators on June 17, 2016, state that the email speaks for itself, and except as is expressly admitted herein, each and every allegation of paragraph 103 is denied.

104.     Defendants admit that Slater communicated with plaintiff on June 22, 2016, state that the email speaks for itself, and except as is expressly admitted herein, each and every allegation of paragraph 104 is denied.

105.     Defendants admit that Slater communicated with plaintiff on July 6, 2016, state that the email speaks for itself, and except as is expressly admitted herein, each and every allegation of paragraph 105 is denied.

106.     Denied.

107.     Defendants admit that the amended preliminary report is dated July 18, 2016, and that on July 24, 2016, plaintiff communicated with Slater.  Defendants state that the email speaks for itself; and except as is expressly admitted herein, each and every allegation of paragraph 107 is denied.

108.     Defendants admit that plaintiff and Slater communicated on August 15, 2016, state that the emails speak for themselves, and except as is expressly admitted herein, each and every allegation of paragraph 108 is denied.

109.     Admitted.

110.     Admitted.

111.     Admitted.

112.     Admitted.

113.     Defendants admit the first sentence in paragraph 113; and except as is expressly admitted herein, each and every allegation of paragraph 113 is denied.

114.     Defendants admit that plaintiff filed an appeal on August 30, 2016, state that his appeal form speaks for itself, and except as is expressly admitted herein, each and every allegation of paragraph 114 is denied.

115.     Defendants admit that plaintiff's appeal was denied; and except as is expressly admitted herein, each and every allegation of paragraph 115 is denied.

116.     Denied.

117.     Admitted.

118.     Denied.

119.     Denied.

120.     Defendants admit that Olson communicated with John on August 18, 2016 and that paragraph 120 quotes DU's Office of Equal Opportunity 2015-2016 Procedures; and except as is expressly admitted herein, each and every allegation of paragraph 120 is denied.

121.     Denied.

122.     Denied.

123.     Defendants admit that paragraph 123 quotes DU's Office of Equal Opportunity 2015-2016 Procedures; and except as is expressly admitted herein, each and every allegation of paragraph 123 is denied.

124.     Defendants admit that McAllister communicated with John on April 29, 2016 and state that the letter speaks for itself.  Defendants further admit that paragraph 124 quotes DU's Office of Equal Opportunity 2015-2016 Procedures; and except as is expressly admitted herein, each and every allegation of paragraph 124 is denied.

125.     Denied.

126.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 126 and, therefore, deny them.

127.     Defendants admit that paragraph 127 quotes the final investigative report and DU's Office of Equal Opportunity 2015-2016 Procedures; and except as is expressly admitted herein, each and every allegation of paragraph 127 is denied.

128.     Defendants admit that the investigators interviewed John; and except as is expressly admitted herein, each and every allegation of paragraph 128 is denied.

129.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 129 and, therefore, deny them.

130.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 130 and, therefore, deny them.

131.     Denied.

132.     Denied.

133.     Denied.

134.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 134 and, therefore, deny them.

135.     Defendants admit that the Preliminary Report is dated June 7, 2016.  Defendants are without sufficient knowledge or information to admit or deny the remaining allegations of paragraph 135 and, therefore, deny them.

136.     Denied.

137.     Admitted.

138.     Denied.

139.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 139 and, therefore, deny them.

140.     Defendants admit paragraph 140 quotes DU's Office of Equal Opportunity 2015-2016 Procedures; and except as is expressly admitted herein, each and every allegation of paragraph 140 is denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Defendants admit that paragraph 151 quotes DU's Office of Equal Opportunity 2015-2016 Procedures; and except as is expressly admitted herein, each and every allegation of paragraph 151 is denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Defendants admit that paragraph 155 quotes DU's Office of Equal Opportunity 2015-2016 Procedures; and except as is expressly admitted herein, each and every allegation of paragraph 155 is denied.

156.    Defendants admit that the investigators conducted a supplemental interview with Jane on May 17, 2016; and except as is expressly admitted herein, each and every allegation of paragraph 156 is denied.

157.	Denied.

158.	Denied.

159.	Defendants admit that paragraph 159 quotes DU's Office of Equal Opportunity 2015-2016 Procedures; and except as is expressly admitted herein, each and every allegation of paragraph 159 is denied.

160.	Denied.

161.	Denied.

162.	Admitted.

163.	Denied.

164.	Denied.

165.	Denied.

166.	Denied.

167.	Denied.

168.	Denied.

169.	Defendants admit that paragraph 169 quotes DU's Office of Equal Opportunity 2015-2016 Procedures; and except as is expressly admitted herein, each and every allegation of paragraph 169 is denied.

170.	Defendants admit that paragraph 170 quotes DU's Office of Equal Opportunity 2015-2016 Procedures; and except as is expressly admitted herein, each and every allegation of paragraph 170 is denied.

171.	Defendants admit that John's interview was captured in a summary statement; and except as is expressly admitted herein, each and every allegation of paragraph 171 is denied.

172.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 172 and, therefore, deny them.

173.     Defendants admit that the investigators interviewed John; and except as is expressly admitted herein, each and every allegation of paragraph 173 is denied.

174.     Denied.

175.     Denied.

176.     Defendants admit that paragraph 176 quotes or purports to restate principles promulgated by the referenced federal agency; deny that they have violated the cited principles; and except as is expressly admitted herein, each and every allegation of paragraph 176 is denied.

177.     Denied.

178.     Admitted.

179.     Admitted.

180.     Defendants are without sufficient knowledge or information to admit or deny the allegations of paragraph 180 and, therefore, deny them.

181.     Denied.

182.     Denied.

183.     Denied.

184.     Denied.

185.     Denied.

186.     Denied.

187.     Denied.

188.     Denied.

189.    Denied.

190.    Admitted.

191.    Admitted.

192.    Defendants admit the first sentence of paragraph 192; and except as is expressly admitted herein, each and every allegation of paragraph 192 is denied.

193.    Denied.

194.    Denied.

195.    Denied.

196.    Denied.

### AS AND FOR A FIRST CAUSE OF ACTION
### Violation of Title IX of the Education Amendments of 1972
### Against University of Denver

197.    Defendants incorporate their responses in paragraphs 1 through 196 above.

198.    Admitted.

199.    Admitted.

200.    Paragraph 200 states legal conclusions to which no response is necessary.  To the extent a response is necessary, Defendants admit that Title IX applies to recipients of federal funds, and deny the remainder of paragraph 200.

201.    Admitted.

202.    Defendants admit that paragraph 202 quotes or purports to restate regulations promulgated by the referenced federal agency; deny that they have violated the cited regulations; and except as is expressly admitted herein, each and every allegation of paragraph 202 is denied.

203.    Defendants admit that paragraph 203 quotes or purports to restate regulations promulgated by the referenced federal agencies; deny that they have violated the cited regulations; and except as is expressly admitted herein, each and every allegation of paragraph 203 is denied.

204.    Defendants admit that paragraph 204 quotes or purports to restate regulations promulgated by the referenced federal agencies; deny that they have violated the cited regulations; and except as is expressly admitted herein, each and every allegation of paragraph 204 is denied.

205.    Defendants admit that paragraph 205 quotes or purports to restate regulations promulgated by the referenced federal agencies; deny that they have violated the cited regulations; and except as is expressly admitted herein, each and every allegation of paragraph 205 is denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Defendants admit that McAllister was hired as Title IX Coordinator effective June 1, 2015, and that McAllister has been endorsed by the prosecution as a trial expert in the identified area, further admit the last sentence of paragraph 209; and state that McAllister has also been endorsed by the defense as a trial expert; and except as is expressly admitted herein, each and every allegation of paragraph 209 is denied.

210.    Denied.

211.    Admitted, except for plaintiff's allegation that respondents are "invariable male."

212.    Defendants admit that paragraph 212 quotes the referenced report; and state that the last sentence of the quoted report inadvertently contained a typographical error.

213.    Denied.

214.     Defendants admit that paragraph 214 contains excerpts from the referenced report; and except as is expressly admitted herein, each and every allegation of paragraph 214 is denied.

215.     Defendants admit that a respondent filed a complaint with the Office of Civil Rights; and except as is expressly admitted herein, each and every allegation of paragraph 215 is denied.

216.     Denied.

217.     Denied.

218.     Denied.

219.     Denied.

220.     Denied.

## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of the Fourteenth Amendment of the United States Constitution
### Procedural Due Process Pursuant to 42 U.S.C. § 1983
### Against University of Denver

221.     Defendants incorporate their responses in paragraph 1 through 220 above.

222.     Admitted.

223.     Defendants admit that the referenced letter discusses potential penalties for violations of Title IX; and except as is expressly admitted herein, each and every allegation of paragraph 223 is denied.

224.     Defendants admit that paragraph 224 purports to restate some of the guidelines and rules established by the Department of Education; and except as is expressly admitted herein, each and every allegation of paragraph 224 is denied.

225.     Insofar as paragraph 225 purports to set forth statements made by agents of the federal government without providing any particulars or citation to any specific publication,

Defendants state that they are without sufficient knowledge or information to admit or deny the allegations of paragraph 225 and, therefore, deny them.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Paragraph 232 states a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations of paragraph 232 are denied.

233.    Paragraph 233 states a legal conclusion to which no response is necessary.  To the extent a response is necessary, the allegations of paragraph 233 are denied.

234.    Denied.

235.    Denied.

236.    Denied.

237.    Denied.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied.

## AS AND FOR A THIRD CAUSE OF ACTION
### Breach of Contract
### Against University of Denver

242.    Defendants incorporate their responses in paragraphs 1 through 241 above.

243.    Denied.

244.    Denied.

245.    Denied.

246.    Admitted.

247.    Denied.

248.    Denied.

249.    Denied.

250.    Admitted.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

255.    Denied.

256.    Denied.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Breach of the Covenant of Good Faith and Fair Dealing
### Against University of Denver

257.    Defendants incorporate their responses in paragraphs 1 through 256 above.

258.    Denied.

259.    Denied.

260.   Denied.

261.   Denied.

262.   Denied.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Promissory Estoppel
### Against University of Denver

263.   Defendants incorporate their responses in paragraphs 1 through 262 above.

264.   Denied.

265.   Denied.

266.   Denied.

267.   Denied.

268.   Denied.

269.   Denied.

270.   Denied.

## AS AND FOR A SIXTH CAUSE OF ACTION
### Negligence Against All Defendants

271.   Defendants incorporate their responses in paragraphs 1 through 270 above.

272.   Denied.

273.   Denied.

274.   Denied.

275.   Denied.

## ANSWER TO ALL ALLEGATIONS

Each and every allegation not expressly admitted herein is denied.

## FIRST DEFENSE

Plaintiff has failed to state a claim or claims for which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendants afforded plaintiffs rights as a respondent in accordance with its policies and procedures and applicable laws.

## FOURTH DEFENSE

Defendants conducted a fair, prompt, and thorough investigation.

## FIFTH DEFENSE

Defendants had a good faith, reasonable belief that the investigation and eventual outcome comported with its policies, procedures, and all applicable laws.

## SIXTH DEFENSE

Plaintiff's claims against the named defendants in their individual capacity are barred because they acted within their course and scope of employment and without any personal malice at all times.

## SEVENTH DEFENSE

To the extent that plaintiff was entitled to constitutional due process, he was afforded all process due under the law.

## EIGHTH DEFENSE

Defendants were not state actors.

## NINTH DEFENSE

No implied or express contract formed between plaintiff and DU. Nonetheless, Defendants did not breach any alleged contractual duty.

## TENTH DEFENSE

Any alleged contract between DU and plaintiff related to DU's policies and procedures lack consideration.

## ELEVENTH DEFENSE

Any damages or injury suffered by plaintiff resulted from his own actions and/or omissions.

## TWELFTH DEFENSE

Plaintiff's equitable claim is barred by the doctrine of unclean hands.


WHEREFORE, Defendants University of Denver, University of Denver Board of Trustees, Rebecca Chopp, Kristin Olson, Jean McAllister, Siri Slater, and Eric Butler request that plaintiff's Complaint and Jury Demand be dismissed with prejudice, and that Defendants be awarded their reasonable fees and costs and any other relief deemed appropriate by the Court.

Respectfully submitted this 3rd day of November, 2017.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

s/ LaLonnie Gray
*Jim Goh*
*LaLonnie Gray*
600 17th Street, Suite 2700S
Denver, CO 80202
Telephone:  720-343-7533
Facsimile:  720-343-7571
jgoh@constangy.com
lgray@constangy.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November, 2017 I electronically filed the foregoing

**ANSWER TO COMPLAINT AND JURY DEMAND** with the Clerk of Court using the CM/ECF

system, which will send notification of such filing to the following e-mail addresses:

Michael J. Mirabella
mmirabella@mbellalaw.com

Andrew T. Miltenberg
amiltenberg@nmllplaw.com

Stuart Bernstein
sbernstein@nmllplaw.com

Tara Davis
tdavis@nmllplaw.com


s/ Samantha Roth
*Samantha Roth, Paralegal*

4843842v.1