**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:17-cv-01962-PAB-MDB

JOHN DOE,

    Plaintiff,

v.

UNIVERSITY OF DENVER;
UNIVERSITY OF DENVER BOARD OF TRUSTEES;
REBECCA CHOPP, individually and as agent for UNIVERSITY OF DENVER;
KRISTIN OLSON, individually and as agent for UNIVERSITY OF DENVER;
JEAN MCALLISTER, individually and as agent for UNIVERSITY OF DENVER;
SIRI SLATER, individually and as agent for UNIVERSITY OF DENVER; and
ERIC BUTLER, individually and as agent for UNIVERSITY OF DENVER,

    Defendants.

---

**DEFENDANTS' OPPOSED MOTION TO STAY THE CASE**

---

Defendants University of Denver ("DU"), University Board of Trustees, and the individual Defendants (collectively, "Defendants"), by and through their undersigned counsel, Constangy, Brooks, Smith & Prophete, LLP, hereby respectfully request a stay of the case, including all current deadlines and the January 9, 2023 trial date, pending resolution of state-court appellate proceedings in the related action that Plaintiff filed against Defendants. Pursuant to D.C.COLO.LCivR 7.1(a), defense counsel certifies that they have conferred with Plaintiff's counsel. Plaintiff opposes the relief requested in this motion.

As grounds for this motion, Defendants state as follows:

1. Plaintiff is a former DU student who was expelled from DU after the University determined that he violated DU's campus policies by engaging in non-consensual sexual contact with a female student, Jane Roe.

2. Plaintiff filed this action in the federal District Court of Colorado on August 15, 2017. Dkt. 3. He pled a gender discrimination claim under Title IX, as well as a Due Process Claim under the Fourteenth Amendment, and four state-law claims for breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and negligence. *Id.* All of Plaintiff's claims pertain to his allegation that DU failed to conduct an adequate, reliable, and impartial investigation into the allegations against him, which resulted in his expulsion.

3. On August 20, 2019, this Court granted Defendants' Motion for Summary Judgment as to Plaintiff's Title IX and Due Process claims and dismissed Plaintiff's state-law claims without prejudice after declining to exercise supplemental jurisdiction. Dkt. 95.

4. Plaintiff appealed the Court's decision as to his Title IX claim to the Tenth Circuit. On June 15, 2021, the Tenth Circuit issued its Opinion, vacating this Court's decision as to Plaintiff's Title IX claim. *Doe v. Univ. of Denver*, 1 F.4th 822, 827 (10th Cir. 2021). The Tenth Circuit then remanded the case to this Court for further proceedings. *Id.*

5. While his Tenth Circuit appeal was pending, Plaintiff filed on September 19, 2019 a Complaint in Denver District Court, in which he reasserted the same breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, and negligence claims that he had asserted in his original federal action before this Court. *See* Pl. Compl., Case No. 19-cv-33640 (Denv. Dt. Ct. September 19, 2019). As detailed

above, these claims, like Plaintiff's Title IX claim, pertained to Plaintiff's allegations that DU failed to conduct a thorough and impartial investigation into the allegations that had been raised against him. *Id.*

6. On July 22, 2020, the Denver District Court granted Defendants' Motion for Summary Judgment as to all of Plaintiff's state-law claims. Order Granting Defendants' Motion for Summary Judgment, Case No. 19-cv-33640 (Denv. Dt. Ct. July 22, 2020).

7. Plaintiff appealed this decision to the Colorado Court of Appeals. *Doe v. Univ. of Denver,* Colo. App. Case No. 2020CA1545. On May 26, 2022, the Colorado Court of Appeals issued its Opinion and reversed the Denver District Court's grant of summary judgment. *Doe v. Univ. of Denver*, 2022COA57 (May 26, 2022).

8. On July 6, 2022, DU filed a Petition for Writ of Certiorari with the Colorado Supreme Court, requesting that the Colorado Supreme Court review the Court of Appeals' decision as to Plaintiff's breach of contract, breach of the covenant of good faith and fair dealing, and negligence claims because the Colorado Court of Appeals' decision departed from long-settled law in Colorado. *Univ. of Denver v. John Doe*, Colo. Supreme Court Case No. 2022SC499 (July 6, 2022). The Colorado Supreme Court has not yet ruled on DU's Petition for Certiorari.

9. On March 24, 2022, this Court issued an Order (Dkt. 117), which set the following deadlines:

   a. Trial Preparation Conference: **December 16, 2022**

   b. 5-Day Jury Trial: **January 9, 2023**.

10. As detailed above, DU has a pending Petition for Certiorari before the Colorado Supreme Court in which it is seeking review of the Colorado Court of Appeals' decision pertaining to Plaintiff's breach of contract, breach of the covenant of good faith and fair dealing, and negligence claims. The Petition for Certiorari raises important issues of law that will impact higher education institutions—and contracting parties of all kinds—in Colorado. Given that the appellate process in Plaintiff's related state-court action has not yet concluded, the entire landscape of the litigation—including the critical issue of how many and which claims Plaintiff has against Defendants—remains unclear. Indeed, at present, the Parties do not know whether any or all of Plaintiff's state-law claims may survive the appellate process and what categories of damages Plaintiff may properly seek. While the Parties have expressed interest in exploring settlement, the lack of clarity as to the scope and extent of Plaintiff's claims hampers the Parties from meaningfully engaging in settlement discussions to resolve all disputes between the parties.

11. Moving forward with the trial as scheduled in January without the benefit of the state-court appellate process having concluded would force the Parties to proceed to trial—expending considerable judicial resources, in addition to their own resources without the opportunity to meaningfully and effectively explore settlement of all disputes between them. This needless expenditure and potential waste of time and resources would be avoided entirely by simply staying the present trial date until the state-court appellate process has concluded. Further, even if trial were to proceed as scheduled on Plaintiff's Title IX claim, the trial would not resolve the dispute between the Parties given that Plaintiff's state-law claims would still remain pending on appeal. As such, Plaintiff

would not be prejudiced by this request to stay the trial date until the state-court appellate process has been completed.

12. Additionally, the current trial date is scheduled to begin immediately after the Christmas and New Year holidays. Several key witnesses—including out-of-state witnesses—will be unavailable during these dates due to previously scheduled personal and family commitments. These issues of witness unavailability further counsel for the trial to be postponed until after the resolution of the state-court appeal.

13. "The Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *See Clinton v. Jones*, 520 U.S. 681, 706–07, 117 (1997) (*citing Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936)); *see also* B*ass v. PJCOMN Acquisition Corp.*,, 2010 WL 3926058, at *1 (D. Colo. June 18, 2010), *report and recommendation adopted*, 2010 WL 3926136 (D. Colo. Oct. 4, 2010) (granting a motion to vacate the current deadlines and stay proceedings after finding that "the general interests of controlling the court's docket and the fair administration of justice" required granting the request).

14. The Tenth Circuit has identified four factors that should be considered in determining whether a continuance should be granted. *See, e.g., Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1230 (10th Cir. 1999) (citing *U.S. v. West*, 828 F.2d 1468, 1469 (10th Cir.1987); *Iskowitz v. Cessna Aircraft Co.*, 2009 WL 1151956, at *2–3 (D. Colo. Apr. 27, 2009) (applying the Tenth Circuit's factors in ruling upon a motion to continue a trial date). Specifically, the Court should consider: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted,

would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that [movant] might suffer as result of the district court's denial of the continuance. *Morrison*, 175 F.3d at 1230.

15. Here, all four factors weigh in favor of granting Defendants' request for a stay.  First, the requested continuance is not due to any lack of diligence on the part of the Defendants. The sole reason for the request is the fact that important, dispositive issues regarding Plaintiff's state-law claims remain pending before the Colorado Supreme Court.  Under the second factor, the requested continuance would accomplish the purpose for which Defendants are requesting it, namely to avoid needlessly expending judicial and party resources by proceeding to trial without giving full opportunity to the Parties to resolve their disputes through settlement. Under the third factor, both Plaintiff and Defendants would benefit from the continuance, as again, it would prevent both sides from needlessly expending time and resources at trial if the Parties are able to resolve the Title IX claim following the resolution of the state-court appellate process.  The continuance would also be to the convenience of Plaintiff and witnesses. A delay would ensure that key witnesses who would otherwise be unavailable during the current trial dates would be available to appear at trial and would avoid burdening witnesses with trial preparations during the holiday season.  The fourth factor similarly weighs in favor of granting the requested continuance, as the need for the continuance to maximize the opportunity for the Parties to engage in settlement discussions before proceeding to trial is significant.  Indeed, both

Plaintiff and Defendants would suffer harm should the Court deny the request for the continuance.

16. Finally, no party will be prejudiced by the relief requested herein. In addition to the reasons already noted, this case has already been pending for over five years. Thus, the requested stay of a few months to allow the resolution of the state-court appellate process would not cause any material prejudice to Plaintiff. (To the contrary, as detailed above, Plaintiff stands to benefit equally from the requested stay.) Notably, in Plaintiff's October 5, 2021 Status Report to this Court, he proposed the same stay of the federal trial that Defendants are now requesting. Dkt 112 ("In the event the Colorado Court of Appeals decision is delayed or the parties seek further proceedings in the Colorado Supreme Court, the federal trial can be continued, if necessary to facilitate the resolution of the state court appeal.").

17. Further, as already noted, even if the Parties were to proceed to trial on Plaintiff's Title IX claim as scheduled in January, the trial would not fully resolve the dispute between the Parties, as Plaintiff's state-law claims would remain pending on appeal. Indeed, Plaintiff previously indicated his desire to consolidate all remaining state claims into the federal litigation for precisely the same reason: to avoid the needless costs of litigating two separate lawsuits. Dkt. 112 (Plaintiff's Status Report, stating "Plaintiff believes that to promote efficiency and avoid the possibility of inconsistent results, the federal and state law claims should be tried together in one trial before this Court."). As such, the requested stay will not cause any prejudice to the Plaintiff.

18. For these reasons, Defendants respectfully request a stay of all deadlines in this case, including the January 9, 2023 trial date, pending the resolution of DU's Petition for Certiorari and any resulting appellate proceedings before the Colorado Supreme Court.

19. Defendants have not sought any prior extensions of time in relation to these deadlines.

20. Pursuant to D.C.COLO.LCivR 6.1(c), undersigned counsel certifies that a copy of this motion is being served contemporaneously on the Parties' representatives.

WHEREFORE, Defendants University of Denver ("DU"), University Board of Trustees, and the individual Defendants respectfully move for a stay of the case, including all current deadlines as well as the January 9, 2023 trial date, pending resolution of the state-court appellate proceedings.

Respectfully submitted, this 26th day of October, 2022.

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

*s/ Jim Goh*
Jim Goh
Erin Rayner Mangum
1801 Broadway
Suite 529
Denver, CO  80202
Telephone:  720-343-7533
Facsimile:   720-343-7571
jgoh@constangy.com
rmangum@constangy.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October, 2022, I electronically filed the foregoing **DEFENDANTS' OPPOSED MOTION TO STAY THE CASE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Michael J. Mirabella, Esq.
mmirabella@ckbrlaw.com

Andrew T. Miltenberg, Esq.
amiltenberg@nmllplaw.com

Stuart Bernstein, Esq.
sbernstein@nmllplaw.com

Tara J. Davis
tdavis@nmllplaw.com


*s/ Hannah Owen*
**Hannah Owen**, Paralegal